IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE CHAVARRI, MONICA ABBOUD, AND ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAMILY FIRST LIFE, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiffs Jose Chavarri, Monica Abboud, and Abante Rooter and Plumbing, Inc. bring this Class Action Complaint against Defendant Family First Life, LLC to stop Defendant's practice of placing (or having placed on their behalf) telephone calls using an "automatic telephone dialing system" ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent, including to those on the National Do Not Call Registry, and to obtain redress for all persons injured by Defendant's conduct. Plaintiffs also seek an award of statutory damages to the members of the alleged Classes, plus court costs and reasonable attorneys' fees as set forth herein.

## PARTIES

2. Plaintiff Jose Chavarri is a natural person over the age of eighteen (18) who resides in Clermont, Lake County, Florida.

3. Plaintiff Monica Abboud is a natural person over the age of eighteen (18) who resides in Katy, Fort Bend County, Texas.

1

4.      Plaintiff Abante is a corporation headquarted in Emeryville, Alameda County, California.

5.      Defendant First Family Life is a limited liability company organized and existing under the laws of the State of Delaware whose primary place of business and corporate headquarters is located at 80 Norwich-New London Tpke, Uncasville, Connecticut 06382.

**JURISDICTION & VENUE**

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action raises a question of federal law under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members, when aggregated together, exceeds $5 million. Further, none of the exceptions to CAFA apply.

7.      This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant solicits significant business in this District, resides and is headquartered in this District, has entered into business contracts in this District, and a substantial part of the events or omissions giving rise to the claim occurred in or emanated from this District.

**COMMON ALLEGATIONS OF FACT**

8.      First Family Life is a life insurance company headquartered in Connecticut.

9.      Unfortunately for consumers, First Family Life casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of

unsolicited autodialed calls and consumers' cellphones without any prior express consent to make these calls.

10. Defendant (or third parties acting on Defendant's behalf) place these calls to telephones using an ATDS without consumers' prior express consent, written or otherwise, in violation of the TCPA.

11. That is, at no time did Defendant obtain prior express consent from the Plaintiffs and the Class in writing to receive the calls at issue.

12. In making the phone calls at issue in this Complaint, Defendant and/or its agent(s) utilized an ATDS. Specifically, the hardware and software used by Defendant and/or its agent(s) has the capacity to store, produce, and dial or text random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial or text message such numbers, *en masse*, in an automated fashion without human intervention.

13. Defendant's agents, acting on behalf of Defendant or at Defendant's direction and control, and for Defendant's benefit/pursuant to a contract with the Defendant, made such calls with Defendant's knowledge and approval, at Defendant's direction, and/or for Defendant's benefit.

14. As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the alleged Class, it intentionally and repeatedly violated the TCPA in the process.

15. Defendant's calls were also placed to persons who placed their numbers on the National Do Not Call Registry for the specific purpose of avoidance the nuisance and invasion of privacy caused by Defendant's calls.

## FACTS SPECIFIC TO PLAINTIFF CHAVARRI

16. Plaintiff Chavarri is the owner and customary user of a personal cellular telephone number ending in 2792. This number has been on the National Do Not Call Registry since 2006.

17. On August 28, 2020, Chavarri received a call from the phone number 954-341-3407.

18. When Chavarri answered the call, he heard a pause and a click, indicative of the use of an ATDS.

19. Once an operator got on the line, the operator solicited Chavarri to purchase end-of-life insurance and stated that someone would call him back.

20. A few days later, on August 31, 2020, Chavarri received a follow-up call and text message from the number 718-810-6509. This caller was following-up on the August 28, 2020 and indicated that he was with Family First Life.

21. Thus, the August 28, 2020 autodialed call was made to Chavarri for the purpose of generating leads for Family First Life.

## FACTS SPECIFIC TO PLAINTIFF ABBOUD

22. Plaintiff Abboud is the owner and customary user of a personal cellular telephone number ending in 3670.

23. Plaintiff's Abboud's number ending in 3670 has been on the National Do Not Call Registry since February 2020.

24. On April 14, 2020, Plaintiff Abboud received an autodialed call from the number 713-714-1101.

25. When Abboud answered the call, she heard a long pause and a strange sound before the call was connected to an operator, indicative of ATDS usage.

26. The operator was named Roy Matthews, and he solicited Abboud for end of life/burial insurance.

27. Matthews attempted to complete a "warm transfer" of Abboud's lead to another party. Ultimately Abboud was connected to someone named "Luis Muyano".

28. While on the phone with Muyano, Abboud was pitched end of life insurance and Muyano said that he worked for Family First Life.

29. On August 31, 2020, Plaintiff Abboud received a call from the number 713-703-1407.

30. Abboud heard a telltale click indicating an autodialer was used to call her.

31. Once an operator came on the line, he identified himself as Daniel with "Senior Services" and solicited Abboud for burial expense coverage.

32. Daniel stated that someone named "Mr. Siraj" from "US Life" would be calling her back within the next few days.

33. The next day, on September 1, 2020, Abboud received a call from the number 713-703-5498. This call also featured the telltale pause and click indicating autodialer usage.

34. On the September 1, 2020 call, Abboud spoke with Scott Matthews, who said with "Senior Benefits" which he indicated was a division of "US Life". Once again Abboud was told that a rep from "US Life" would be calling for a follow up.

35. On September 3, 2020, Abboud received a call from the number 832-612-3877. This call was placed by Evelyn with Family First Life, who indicated that a rep named Mr. Siraj would be visiting her the next day, September 4, 2020.

36. Thus, the August 31, 2020 and September 1, 2020 autodialed calls were made for the express purpose of generating leads for Family First Life.

## FACTS SPECIFIC TO PLAINTIFF ABANTE

37. Plaintiff Abante is the owner of a cellular telephone number ending in 1636.

38. On April 10, 2020, Abante received a call from the number 510-510-1533.

39. On this call, Abante heard a pause and a click before an operator came on the line.

40. The operator attempted to transfer Abante, the transfer did not work, and was told that someone would call back.

41. That same day, Abante received the call back from Patrick Deshazo with Family First Life. Mr. Deshazo called from 415-233-0690.

42. Thus, the April 14, 2020 call was placed for the express purpose of generating leads for First Family Life.

43. Plaintiffs never consented in writing to receive autodialed calls from Defendant, or from any of their affiliates or agents.

44. Plaintiffs do not have a relationship with Defendant or any of its agents, has never provided their telephone numbers directly to Defendant or their agents, and have never requested that Defendant or their agents place autodialed calls to them.

45. Defendant and their agents were, and remain, aware that the above described autodialed calls were made to consumers like Plaintiff who have not consented to receive them.

46. By making or causing to made unauthorized autodialed calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such calls, wear and tear on consumer telephones, consumption of battery life, lost cellular minutes, loss of value realized for their wireless service plans, and the diminished use, enjoyment, value, and utility of their telephone plans and equipment. Furthermore, Defendant's agents made the calls knowing they trespassed

against and interfered with Plaintiffs and the other class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, and hardware components.

47. To redress these injuries, Plaintiffs, on behalf of themselves and Classes of similarly situated individuals defined below, brings this suit under the TCPA, which prohibits unsolicited autodialed calls to telephones. On behalf of the Classes, Plaintiffs seek an injunction requiring Defendant and its agents to cease all unauthorized calling activities and an award of statutory damages to the class members to be placed into a common fund for the benefit of the Class, together with an award of costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

48. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Classes defined as follows:

> **No Consent Class**: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's cellular telephone; (4) for the same purpose for which Plaintiffs were called; (5) using the same equipment used to call Plaintiffs; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff.
>
> **Do Not Call Registry Class:** All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Class who (1) received more than one telephone call; (2) on a telephone number; (3) which had been listed on the National Do Not Call Registry for at least thirty days; (4) from Defendant, third parties calling on Defendant's behalf or for Defendant's benefit; and (5) for whom Defendant had no record of express consent to make such telephone calls at the time they were made.

49. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its

parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiffs anticipate the need to amend the class definitions following appropriate discovery regarding, *inter alia*, the size of the class, the equipment used to dial Plaintiffs, and the manner by which Defendant claim any prior express consent was obtained to call Plaintiffs.

50. **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant or its agents have placed autodialed calls to thousands of consumers who fall into the defined Classes. The exact number of members of the Classes can be identified through Defendant's records (and the records of third parties) and by reference to other objective criteria.

51. **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Classes in that Plaintiffs and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

52. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiffs and their counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

53. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions go to the very heart of

the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

> (a) Whether Defendant's conduct violated the TCPA;
>
> (b) Whether Defendant and/or its agents made the calls with the use of an ATDS;
>
> (c) Whether Defendant and/or its agents systematically made calls to cellphone owners who did not previously provide Defendant and/or its agents with prior express written consent;
>
> (d) Whether the calls were for telemarketing purposes;
>
> (e) Whether Defendant complied with the Do Not Call Registry rules and regulations; and
>
> (f) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

54. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

55. **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual

members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the No Consent Class)**

56. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

57. Defendant or its agents made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate leads for Defendant's products and services.

58. Defendant and its agents failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a clear and conspicuous disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

59. Further, Defendant or its agents placed the telephone calls using an ATDS, that is, equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention.

60. By making unsolicited telephone calls to Plaintiffs and members of the No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS and/or pre-recorded or artificial voice, Defendant and its agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

61. To the extent third parties placed the calls, Defendant knowingly received the benefits of such calls and ratified the calls.

62. As a result of Defendant's unlawful conduct, or the conduct of Defendant's agents on or for Defendant's behalf, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

63. In the even it is determined that Defendant's conduct was willful and knowing, the Court should, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

### SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Do Not Call Registry Class)

64. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

65. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the

regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

66. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

67. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

68. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) *available a*t https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

69. Defendant, by or through its agent, violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

70. Defendant, by or through its agent, also violated 47 C.F.R. § 64.1200(d) by failing

to have a written policy of dealing with do not call requests available on demand, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

71. Defendant, by or through its agent, made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

72. Defendant, by or through its agent, violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

73. Defendant, by or through its agent, violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

74. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

75. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages

recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Classes, prays for the following relief:

      A.      An order certifying the Classes as defined above, appointing Plaintiffs as the representatives of the Class, and appointing their counsel as Class Counsel;

      B.      An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation ($1,500.00 for each willful violation), whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

      C.      An order declaring that Defendant's actions, as set out above, violate the TCPA;

      D.      An order declaring that Defendant's actions, as set out above, were willful, and awarding treble damages;

      E.      A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

      F.      An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Class;

      G.      An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

      H.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 13, 2020 | **JOSE CHAVARRI, MONICA ABBOUD, AND ABANTE ROOTER AND PLUMBING, INC.,** individually and on behalf of all others similarly situated, |

By: _s/         Stephen Taylor_
         One of Plaintiff's Attorneys

Stephen Taylor
Lemberg Law LLC
43 Danbury Road
Wilton, CT 06897
Tel: 203.653.2250.ext.5502
Fax: 203.653.3424

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice admission to be sought*